The Commission is charged with supervisory power over its own Opinions and Awards and it is under that authority that this Modification is entered.
There was a colloquy between counsel that was recorded in the transcript beginning at Line 10 on Page 15 and ending at Line 1 on Page 16, as follows:
 MR. MARZ: I JUST WANT TO MAKE — MR. LAKE — I JUST WANT TO MAKE SURE THE RECORD'S CLEAR — ARE WE IN AGREEMENT THAT THIS LADY WAS NOT ABLE TO WORK AND WAS OTHERWISE ENTITLED TO WORKERS' COMPENSATION BENEFITS FOR TEMPORARY DISABILITY DURING THE PERIOD FROM THE TIME SHE WAS HURT UP UNTIL AUGUST OF 1992, AUGUST 15?
 MR. LAKE: UH-HUH (YES). YES. YEAH. WELL ACTUALLY, SHOULDN'T IT BE AUGUST 10?
 MR. MARZ: I THINK IT'S THE 15TH.
MR. LAKE: DR. MONTGOMERY RELEASED HER.
 MR. MARZ: WELL, THAT AIN'T WHEN YOU STARTED PAYING HER. SHE'S ENTITLED TO GET PAID UNTIL SHE WENT BACK TO WORK. SHE WENT BACK TO WORK ON THE 15TH.
 MR. LAKE: OKAY. NO. WE CAN STIPULATE TO THAT.
Both Deputy Commissioner Haigh in his Opinion and Award of 7 January 1994 and the Full Commission in its Opinion and Award of 22 August 1994 affirming Deputy Commissioner Haigh treated the above as a stipulation that the Plaintiff was not able to work and was entitled to benefits for the period in controversy, that is, for the summers of 1990, 1991 and 1992 and ordered compensation for those periods, including the summer of 1990.
Counsel's letter of 9 January 1995 points out that, insofar as the Commission ordered disability benefits for the summer of 1990, it was in error inasmuch as the Commission's own records reflected that the Plaintiff returned to work on April 23, 1990, and was not again disabled until April of 1991, when she had surgery occasioned by her compensable injury, and is thus not entitled to disability benefits during the summer months of 1990.
Defendant's point is well taken. Contained in the Industrial Commission's file is a fully-executed IC Form 26 in which Plaintiff and Defendant stipulated and agreed that Plaintiff returned to work on April 23, 1990 and in which they agreed that Plaintiff became totally disabled on the 20th day of April, 1991.
Defendant asks in the alternative that the Full Commission's 22 August 1994 Opinion and Award be amended "such that it is in accordance with the Industrial Commission's records" or that a new heating be set "at the earliest possible date for the limited purpose of introducing testimony relative to the plaintiff's disability, if any during the summer of 1990."
Inasmuch as the Commission's records reflect nothing concerning the summer of 1990 other than what is contained in the aforementioned IC Form 26, it appears that the better approach would be to set a new hearing "at the earliest possible date for the limited purpose of introducing testimony relative to the plaintiff's disability, if any during the summer of 1990."
ACCORDINGLY, it is the decision of the Full Commission that its Opinion and Award of 22 August 1994 in this case be stayed insofar as it orders disability payments for the summer of 1990 pending completion of the hearing hereafter ordered. It is further ordered and decided that no other portion of the Full Commission's 22 August 1994 Opinion and Award in this case shall be stayed and Defendant is ordered to comply forthwith with the remaining portion of such Opinion and Award if it has not already done so. And it is ordered that a hearing in this matter will be set forthwith "at the earliest possible date for the limited purpose of introducing testimony relative to the plaintiff's disability, if any during the summer of 1990."
This 13th day of January, 1995.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ W. JOEY BARNES DEPUTY COMMISSIONER
S/ _______________________ CHARLES A. CLAY DEPUTY COMMISSIONER